Henry P. Jacquelin and Barbara A. Jacquelin, His Wife, and Michele DePinto, Appellants, *v.* Horsham Township, Appellee, and Ethel M. Ballod and the Evergreen Terrace Committee, Intervening Appellees.

474

Argued October 5, 1973, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Albert DerMovsesian,* with him *Semisch and DerMovsesian,* for appellants.

*J. Edmund Mullin,* with him, of counsel, *Hamburg, Rubin & Mullin, P. C.,* for appellee.

OPINION BY JUDGE ROGERS, November 5, 1973:

The Court of Common Pleas of Montgomery County affirmed a decision of the Zoning Hearing Board of Horsham Township denying the instant appellants, Henry P. Jacquelin and Barbara A. Jacquelin, variances to construct a dwelling house on a lot of which they are the equitable owners.

The Jacquelins have agreed to purchase from one Michele DePinto an unimproved lot located at an intersection of roads in Horsham Township. The lot measures 50 feet by 125 feet and therefore contains 6250 square feet. Michele DePinto has owned the lot since a time prior to the existence of any zoning regulations in Horsham Township. The lot is located in an R-4 zoning district in which land is permitted to be used only for the establishment of single family detached dwellings and agricultural, conservational and recreational pursuits. Other zoning requirements in the R-4 district for any use of land are: a lot area of 12,000 square feet, a lot width of 80 feet at the building line, a front yard on each abutting street 50 feet in depth, side yards aggregating 25 feet but each not less than 10 feet in width, and a rear yard 30 feet in depth. The Jacquelins desire to build on their lot a small home for Mr. Jacquelin's mother to be located 50 feet from one of the abutting roads, 12 feet from the other, with side yards 10 and 12 feet wide and a rear yard 35 feet deep. They therefore require variances from the area requirement, from the setback requirement as to one of the abutting roads, from the aggregate side yard requirement and, it appears, from the requirement of an 80 feet width at the building line.

The Zoning Hearing Board denied the variances by reason of the "magnitude of the variances requested, and the traffic hazard that could result from the reduction of a site [sic] triangle due to the location of this house close to Johnson Road." The court below affirmed the Board.

Since the court below did not receive evidence, it is our duty to review the Zoning Hearing Board's decision and uphold it unless there appears abuse of its discretion or error of law. We are required to reverse.

The effect of the Board's decision is that this nonconforming lot, held in separate ownership since before

any zoning, may not be used for residential purposes, although, as we were informed at argument, there are districts in Horsham Township where dwelling houses may be erected on lots smaller than the Jacquelins'. There is thus imposed by the combined effect of the ordinance and the refusal of the Board to grant the requested variances an unnecessary hardship, as that phrase has been defined in the cases.

In *Poster Advertising Company, Inc. v. Zoning Board of Adjustment,* 408 Pa. 248, 182 A. 2d 521 (1962), where all but a small portion of a lot was condemned, the Supreme Court reversed the lower court and Zoning Board of Adjustment which had denied a variance to permit the construction of outdoor advertising signs. The following passage from that case seems applicable here:

"The size and dimension of the land as presently constituted prevent the construction and use thereon of any residence property. The conclusion of the board to the contrary was not justified. In fact, the size and dimension permit a very limited number of productive uses, the most likely and practical being that contemplated. If this use is denied, the owner will be compelled to continue to pay taxes thereon, maintain the actual surface and adjoining sidewalks in a clean and reasonably safe condition in order to escape possible damage claims, without any return from the use of the property whatsoever.

"Of course, an economic hardship is not sufficient in itself to warrant the grant of a variance: Richman v. Zoning Board of Adjustment, 391 Pa. 254, 137 A. 2d 280 (1958); Nagrann v. Zoning Board of Adjustment, supra. But this is not a case of 'economic hardship' such as where the owner seeks to use the land in a more profitable manner. This is a case wherein any productive use of the land will be denied altogether. It is a case of the existence of a substantial hardship pe-

culiar to this particular land. See, Nickolson v. Zoning Board of Adjustment, 392 Pa. 278, 140 A. 2d 604 (1958); and, Ferry v. Kownacki, 396 Pa. 283, 152 A. 2d 456 (1959)."

There is a plethora of common pleas authority holding the denial of variances in the circumstances here present to be improper exercises of discretion by zoning boards. *Picco v. Horsham Township,* 80 Montgomery County Law Reporter 121 (1962); *Lavenson v. Horsham Township,* 83 Montgomery County Law Reporter 139 (1964); *Steele v. Solebury Township Zoning Board of Adjustment,* 14 Bucks County Law Reporter, 64 (1964). *See Ryan,* Pennsylvania Zoning Law Practice, §6.3.3. As is pointed out by Mr. Ryan, the case of the lot which is too small and cannot be made to conform could just as well be treated as involving a nonconforming lot entitled to be used as a matter of fundamental law, but the courts generally have treated the problem as involving a variance required in order to avoid the confiscation of property. *Ryan, supra,* §6.1.7. The instant case, as we have decided it, is consonant in principle with those which hold that a use variance must be granted where the zoning ordinance permits only uses for which the land is totally unsuited. *Ferry v. Kownacki,* 396 Pa. 283, 152 A. 2d 456 (1959); *Peirce v. Zoning Board of Adjustment,* 410 Pa. 262, 189 A. 2d 138 (1963).

The Board justified its denial of the variance primarily upon the asserted hazard of reducing the sight angle at the intersection. While this concern may be reflected in zoning regulations, it may not be applied so as wholly to deprive the owner of land at an intersection of its use. The police power, however broadly construed, may not be employed to take private property for public use without just compensation. The Board's concern for the view at the intersection, moreover, has been anticipated by the Legislature in Section

2040 of The First Class Township Code, Act of June 24, 1931, P. L. 1206, 53 P.S. §57040, empowering first class townships to purchase or take by eminent domain free and unobstructed views across lands located at intersections.

Order reversed.