Peter C. Schaaf *v.* The Zoning Hearing Board of the Borough of Edinboro. The Borough of Edinboro, Appellant.

Peter C. Schaaf *v.* The Zoning Hearing Board of the Borough of Edinboro and Concerned Citizens of Edinboro. The Concerned Citizens of the Borough of Edinboro, Appellants.

Argued October 28, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Ritchie T. Marsh,* with him *Marsh, Spaeder, Baur, Spaeder & Schaaf,* for appellant, Borough of Edinboro.

*Robert G. Huhta,* with him *Dunn & Conner,* for appellant, Concerned Citizens.

*James F. Toohey,* with him *Gary V. Skiba,* and *Quinn, Gent, Buseck & Leemhuis, Inc.,* for appellee.

OPINION BY JUDGE WILKINSON, November 21, 1975:

This case is an appeal by the Borough of Edinboro at No. 476 C.D. 1975, and an appeal by the Concerned Citizens of the same municipality (Citizens), at No. 513 C. D. 1975, from an order of the Court of Common Pleas of Erie County which reversed a determination by the Zoning Hearing Board of Edinboro (Board) and granted a variance to Peter C. Schaaf (Schaaf). The appeals have now been consolidated before this Court.

On January 4, 1973, Schaaf and his wife, as tenants by the entireties, acquired, as part of a 2.985 acre parcel of land located in Edinboro, Erie County, an undivided one-half interest in an undeveloped lot which was originally designated as Lot #20 of the John B. Davis Subdivision. Lot #20 varies in width from 49 to 56.45 feet and is 125 feet in length, an area of approximately 7,050 feet. At the time of its acquisition by Schaaf, the lot was, and is currently, zoned residential under an R-1 classification which permits single family detached dwellings[1] on a minimum lot size of 20,000 square feet with front and rear yard requirements of 30 and 20 feet respectively.

---

1. In addition to single family detached dwellings, other principal uses permitted in an R-1 Residential District are: public or private schools; churches; governmental and/or governmental authority facilities; public utility facilities, service structures, or uses; and publicly owned and operated recreational facilities.

The remainder of the 2.985 acre parcel is zoned commercial. The record shows that the John B. Davis Subdivision, including Lot #20, was recorded on March 6, 1958, which was prior to the adoption of the first zoning ordinance in Edinboro in 1959.

In October or November of 1973, Schaaf acquired another parcel of land for commercial development on which was situated a two-story residence known as the "McClellan House." As an afterthought, Schaaf decided to renovate and sell the house and in the latter part of January, 1974, he relocated the structure on Lot #20 pursuant to a building permit approved by the Borough Council of Edinboro on November 12, 1973.

Council approval of the permit was given notwithstanding the failure of the lot to meet the minimum zoning area requirement and the indication on the plot plan contained on the reverse side of the permit that the location of the McClellan House on the lot would yield only a 20-foot front yard and an 11-foot rear yard, thus violating zoning yardage requirements. Subsequently, however, at a meeting held January 28, 1974, Borough Council recognized its error and rescinded its approval of the permit, ordering Schaaf to cease and desist taking any further action thereunder.

In an effort to have the permit reissued, Schaaf petitioned the Erie County Court of Common Pleas which, however, ordered him to first attempt to obtain a variance from the Board before seeking court relief. Accordingly, Schaaf applied to the Board requesting a size variance for Lot #20 to allow the relocation of the McClellan House thereon. The application was made pursuant to Section 81 of the Zoning Ordinance of the Borough of Edinboro which provides:

"Where the owner of a lot of official record, which lot at the time of the adoption of this ordinance does not include sufficient land to conform to the yard or other requirements of this ordinance, an application

may be submitted to the Zoning Hearing Board for a variance from the terms of this ordinance in accordance with provisions of Article X. Such lot may be used as a building site, provided however, that the yard and other requirements of the district are complied with as closely as is possible in the opinion of the Zoning Hearing Board."

A hearing was held and by a letter dated May 20, 1974, the Board informed Schaaf that the variance was denied on the following grounds:

"Ord. #232 [Zoning Ordinance], Section 105

"(d) If variance were granted it would alter the essential character of the neighborhood

"(e) Variance if granted would not represent the minimum variance that will afford relief."

Schaaf appealed the denial to the Erie County Court of Common Pleas which, without taking additional evidence, ordered that a variance be granted. The court based its order solely on the theory that since Schaaf, in good faith, moved the McClellan House and made other plans at substantial expense prior to the revocation of the building permit, he acquired a vested right to the permit to which a variance is a necessary adjunct. From that order, the Borough and the Citizens filed separate appeals with this Court which have now been consolidated.

In zoning cases where the court below has not taken additional evidence, the scope of review of this Court is limited to a determination of whether the Board abused its discretion or committed an error of law. *Radnor Township v. Falcone,* 16 Pa. Commonwealth Ct. 283, 328 A.2d 216 (1974). We find the Board in the instant case abused its discretion in denying the variance and affirm the order of the lower court. Since we ground our decision solely on an abuse of discretion theory, we need not determine the merits of the vesting theory used by the court below.

This case is controlled by our decision in *Jacquelin v. Horsham Township,* 10 Pa. Commonwealth Ct. 473, 312

A.2d 124 (1973). There, petitioners for a variance purchased an unimproved 6,250 square foot lot from an individual who had owned the property since before the existence of any zoning regulation. At the time of the purchase, the lot was located in an R-4 zoning district in which land was to be used only for single family detached dwellings and agricultural, conservational and recreational pursuits. Dimensional requirements in the R-4 classification included a minimum lot area of 12,000 square feet, a depth requirement for front yards abutting a street of 50 feet, and an aggregate side yard requirement of 25 feet. Petitioners in that case decided to build a home on the lot with a front yard depth of 12 feet from one abutting road and side yard depths totalling 22 feet. Consequently, they sought a variance from the area, frontage and aggregate side yard requirements which was denied by the Zoning Hearing Board of Horsham Township.

We reversed, holding that the combined effect of the ordinance and the refusal of the Board to grant the variance precluded any residential or other productive use of the property and thereby imposed an unnecessary hardships on petitioners. *Jacquelin, supra,* 10 Pa. Commonwealth Ct. at 475-76, 312 A.2d at 125. Judge Rogers, speaking for the Court, reasoned:

> "There is a plethora of common pleas authority holding the denial of variances in the circumstances here present to be improper exercises of discretion by zoning boards. Picco v. Horsham Township, 80 Montgomery County Law Reporter 121 (1962) ; Lavenson v. Horsham Township, 83 Montgomery County Law Reporter 139 (1964) ; Steele v. Solebury Township Zoning Board of Adjustment, 14 Bucks County Law Reporter 64 (1964). See Ryan, Pennsylvania Zoning Law Practice, §6.3.3. As is pointed out by Mr. Ryan, the case of the lot which is too small and cannot be made to conform could just as well be treated

as involving a nonconforming lot entitled to be used as a matter of fundamental law, but the courts generally have treated the problem as involving a variance required in order to avoid the confiscation of property. Ryan, supra, §6.1.7. The instant case, as we have decided it, is consonant in principle with those which hold that a use variance must be granted where the zoning ordinance permits only uses for which the land is totally unsuited. Ferry v. Kownacki, 396 Pa. 283, 152 A.2d 456 (1959); Peirce v. Zoning Board of Adjustment, 410 Pa. 262, 189 A.2d 138 (1963)." Id., 10 Pa. Commonwealth Ct. at 477, 312 A.2d at 126.

Our holding and reasoning in Jacquelin is equally applicable here if not more compelling. The R-1 Residential District is intended to provide an area in which the predominant use is single family residential. Since Lot #20 is 56.45 feet at its widest, compliance with the 30-foot front and 20-foot rear yardage requirements would leave a maximum 6.45-foot wide strip remaining on which to construct a residence. Consequently, Lot #20, without a variance, would be rendered virtually useless, thereby imposing an unnecessary hardship on Schaaf.

Further, we find the two grounds upon which the Board denied the variance not founded on fact. The location of the McClellan House of Lot #20 would not alter the essential character of the neighborhood. Indeed, since the neighborhood is primarily residential, the use of the property for a single family detached dwelling would be compatible with the character of the neighborhood. Moreover, Schaaf intended to extensively renovate the McClellan House as evidenced by the building permit attached to the variance application. A review of the record indicates that at the hearing before the Board, the overwhelming weight of evidence regarding the house, in its proposed remodeled state, supports the position that the structure will substantially conform to the value and

character of the existing houses in the neighborhood. Little to no testimony to the contrary was adduced. Accordingly, the Board's first basis for denial cannot stand.

A similar conclusion applies to the Board's second basis that the variance requested does not represent the minimum variance that will afford relief. The minimum variance which would provide Schaaf relief is that which would allow the positioning of the McClellan House on Lot #20. Schaaf has not sought a greater variance.

Finally, we reject the argument of the Borough and the Citizens that Schaaf created his own hardship in that he purchased an interest in Lot #20 when he knew, or should have known, of the zoning classification of the lot and the dimensional requirements to be met. In circumstances such as these, the resulting hardship is a consequence of the zoning and does not result from the purchase.

Accordingly, the order of the Court of Common Pleas of Erie County at No. 1629-A-1974, dated March 18, 1975, is hereby affirmed.