The Township of Salisbury, Appellant *v.* Frederick G. Rummel, Appellee.

Argued April 2, 1979, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*James G. Kellar*, for appellant.

*Robert W. Brown*, with him *Brown & Brown*, for appellee.

OPINION BY JUDGE BLATT, August 6, 1979:

The Township of Salisbury appeals here from an order by the Court of Common Pleas of Lehigh County which reversed a decision of the Township's Zoning Hearing Board. The Board had denied the application by Frederick G. Rummel for a variance which he had requested in order to construct a commercial office building on a vacant lot located in the C-1 commercial zone.

The proposal in question here failed to conform with the Township zoning ordinance in regard to area and side-yard setback requirements. The court below held that the Board had erred in denying this commercial use of the property, which was specifically permitted under the zoning ordinance and that the Board had abused its discretion in refusing to approve the proposed side-yard setbacks. It heard the case without taking additional evidence and its scope of review was therefore limited to a determination as to whether or not the Board committed an abuse of discretion by not granting the variance. *Pyzdrowski v. Pittsburgh Board of Adjustment*, 437 Pa. 481, 263 A. 2d 426 (1970).

It is well established an applicant for a variance must establish (1) that there are unique physical circumstances peculiar to the particular property and that the unnecessary hardship is due to such conditions; (2) that the property cannot be developed in strict conformity with the provisions of the zoning ordinance; (3) that such unnecessary hardship has not been created by the applicant; (4) that the variance will not be detrimental to the public welfare and;

(5) that the variance will represent the minimum variance that will afford relief. *See* Section 912 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10912.

The commercial office building proposed here conforms in all respects to the ordinance insofar as use, building height and parking facilities are concerned. The ordinance, however, requires a minimum of 10,000 square feet, a minimum lot width of 100 feet, a street or front-yard setback of 30 feet and a total side-yard setback of not less than 25 feet with not less than a 10-foot side-yard if the property abuts an existing residential property, but this property is a corner lot which abuts a residential property and is only 6,300 square feet in area with a lot width of only 45 feet. The variance application, however, provided for two 8-foot side yards[1] and hence a total side yard of 16 feet as opposed to the 10-foot side-yard required abutting the residential property and a 30-yard street-side setback required under the ordinance. If compliance with the side-yard requirements were met, because the lot is only 45 feet wide, only a 5-foot-wide building could be permissible under the ordinance. It is obvious, therefore, that there is no possibility for the property to be developed in conformity with the ordinance, and we believe that we have here a substantial hardship peculiar to this particular property. *Pyzdrowski v. Pittsburgh Board of Adjustment, supra; Jacquelin v. Horsham Township,* 10 Pa. Commonwealth Ct. 473, 312 A.2d 124 (1973). Moreover, we do not believe that this is a self-inflicted hardship, for the record reveals that this 6,300-square-foot, 45-

---

[1] One of the Board's findings of fact indicates 10 feet on the Byrd Avenue side; however, the record is clear and the Township does not contest that it is 8 feet.

foot-wide lot pre-existed the adoption of the zoning ordinance requirements.

The Township argues that the applicant failed to prove that his proposal contained the minimum variance that would provide him relief. His application proposed a variance which would provide a total side-yard of 16 feet, that is, an inside side-yard of 8 feet to the existing abutting residential property and a side-yard of 8 feet to the property line on the street, and we agree with the lower court that this variance is the minimum one which was allowable with due regard to the public health, safety and welfare and within the contemplation of Section 912 of the MPC. *Pyzdrowski v. Pittsburgh Board of Adjustment*, 437 Pa. at 491, 263 A.2d at 431; *Crawford Zoning Case*, 358 Pa. 636, 57 A.2d 862 (1948). The Township argues that the proposed use constituted an overuse of the lot, but, as the lower court noted, it can be gleaned from the Board's discussion that the variance was denied primarily in the hope that the property would be used for residential rather than commercial purposes. Clearly, however, the ordinance permits a two-story professional office building with adequate parking spaces in the commercial district here concerned.

We believe that the Board abused its discretion in denying the variance requested. The order of the Court is therefore affirmed and the matter is remanded to the Board for the granting of the variance.

ORDER

AND Now, this 6th day of August, 1979, in the above-captioned matter the order of the Court of Common Pleas of Lehigh County is affirmed, and the order of the Zoning Hearing Board of Salisbury Township denying the variance is hereby reversed.