The Southland Corporation *v.* East Caln Township Zoning Hearing Board and the Township of East Caln. Township of East Caln, Appellant.

Argued April 5, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*W. Robert Landis,* for appellant.

*Daniel E. Monagle,* with him *John J. Musewicz,* and *Dechert, Price & Rhoads,* for appellee.

OPINION BY JUDGE CRAIG, September 13, 1979:
In this zoning variance case, Southland Corporation (Southland), equitable owner of a corner lot two-

thirds of an acre in area, in a C-1 Commercial zoning district of East Caln Township (Township), applied to the township zoning hearing board (board) for variances from area, width, yard and off-street parking requirements, in order to erect and operate a neighborhood convenience market ("7-Eleven Store"), which would be a permitted use in that district.

According to Southland's plan in the record, the rectangular lot measures 148.52 feet by 159.65 feet.[1] Because the zoning ordinance requirements include a minimum lot area of not less than two acres, a lot width of not less than 200 feet at the building line, 70-foot setbacks for the building and a 20-foot setback for an off-street parking area, Southland requested a variance of 7 feet from front yard requirement, 50 and 60-foot variances from the side yard requirements, and a 5-foot variance from the parking lot setback requirement. Southland also requested a 25-foot variance from a 100-foot requirement governing the minimum distances between driveways and street intersections.

The variance requests were based upon Southland's proposal to construct a store building 80 feet by 34 feet (2,720 square feet) the largest of its three sizes of standard designs; the other two sizes are 60 feet by 44 feet (2,640 square feet) and 70 feet by 35 feet (2,450 square feet).[2]

The board denied the variances because of the absence of exceptional physical conditions other than

---

[1] Southland's brief claims a lot size of 149 feet by 196 feet, but the record controls.

[2] These are the figures established in the record. Appellee Southland's brief claims that the standard design with the 70-foot length actually has a width of 39 feet (2730 square feet), but no such error in the record has been corrected by stipulation or otherwise.

lot size, the absence of impossibility of development for commercial purposes in conformity with the ordinance, the absence of unnecessary hardship and because the proposal did not represent the minimum variance that would afford relief.

Upon Southland's appeal of the board's decision to the Court of Common Pleas of Chester County, the court, without taking any additional testimony, reversed the board on the ground that the premises could not be ''used for the purposes permitted by the zoning ordinance without obtaining . . . the variances requested by Southland.'' The court concluded that the lot is so small that ''no commercial use'' could be permitted without the requested variances, and that there is an unnecessary hardship which precludes ''any permitted use thereon.''

Where, as here, the lower court took no additional evidence, our scope of review in zoning cases is limited to a determination of whether the zoning hearing board committed an abuse of discretion or an error of law. *Ottaviano v. Zoning Board of Adjustment of Philadelphia,* 31 Pa. Commonwealth Ct. 366, 376 A.2d 286 (1976).

Because we conclude that the board followed the law and did not abuse its discretion, we must reverse the decision of the lower court.

*Rinck v. Zoning Board of Adjustment of Philadelphia,* 19 Pa. Commonwealth Ct. 153, 339 A.2d 190 (1975), relied upon by the court below to reverse the board, does not support the reversal; in that case, this court affirmed the denial of a variance.

Southland's brief rests the case upon *Jacquelin v. Horsham Township,* 10 Pa. Commonwealth Ct. 473, 312 A.2d 124 (1973), followed in *Schaaf v. Zoning Hearing Board of Edinboro,* 22 Pa. Commonwealth Ct. 50, 347 A.2d 740 (1975), cases which held that a

validity variance was warranted where the lot size was below the minimum allowed in the ordinance.

However, the key distinction is that, in each of the two cases cited, the record established that the particular lot had existed in separate ownership, distinct from that of abutting properties, since before the adoption of the zoning limitation. In this case, the board made no finding on that point, and the testimony of Southland's witness was only that the lot was recorded as such before the adoption of zoning, not that it was then held in separate ownership.

Hence, a factor essential for a *Jacquelin* validity variance is lacking.

We agree that one of the board's reasons for rejecting the variance—that the hardship would be self-inflicted because Southland is an equitable owner—is without merit. The mere fact that the applicant is equitable owner—a prospective voluntary purchaser of a lot—does not mean that the hardship would be self-inflicted. *Schaaf v. Zoning Hearing Board of Edinboro, supra.*

On the other hand, with the record as we find it, the board's rejection of this particular variance proposal finds justification in Section 912(5) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §10912(5), which reads:

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

Minimization of the variance is a factor, even if a validity variance situation were involved. See *A & D., Inc. v. Zoning Hearing Board of East Nottingham Township,* 32 Pa. Commonwealth Ct. 367, 379 A.2d 654 (1977). Here, the record shows only Southland's insistence on erecting the largest of their three stan-

dard designs, which provides the basis needed for the board's reason. The difference in area between the smallest standard design and the proposed design is not a *de minimis* 80 feet, as Southland's brief contends, but, according to the figures from the record, which bind us, is a difference of 270 square feet. Although Southland's brief now argues that the proposed design is best because it has the slimmest dimension from front to rear, Southland's witness in the board hearing told the board only that it is "the best store" and that the "site plan" "represents the best plan for the proposed use."[3]

Although we did permit counsel to supply us with zoning ordinance portions not placed in the record, to inform us as to the always-important local ordinance terms, we obviously cannot accept factual supplements to the record on appeal.

We note that the board's decision seems to acknowledge that a reasonable variance, for some development, will be necessary for the allowable commercial use of this lot, a view bolstered by consideration of the two-acre lot area minimum alone, as applied to this .66 acre lot.

Nevertheless, as to the present proposal on this record, we reverse the court below and direct affirmance of the board's denial of the variance requested.

Our reversal and remand here, with the direction that the Board's decision be affirmed, is based upon the sufficiency of non-compliance with paragraph (5) of MPC Section 912, quoted above, as a sole reason for denial of the variances.

---

[3] The fact that Southland was not represented by counsel before the board means that board did not have the benefit of all that is presented to us.

## Order

And Now, this 13th day of September, 1979, the order of the Court of Common Pleas of Chester County dated April 14, 1978 is reversed and the record is remanded with the direction that the decision of the Zoning Hearing Board of East Caln Township be affirmed.