In Re: Appeal of Georgianna E. Stefonick, Equitable Owner etc. v. Zoning Hearing Board of Lansdale Borough. Lansdale Borough, Appellant.

Argued October 3, 1979, before Judges ROGERS, DI-
SALLE and CRAIG, sitting as a panel of three.

*Nicholas A. Leonard,* with him *Richard W. Holl-
stein,* and *Clark, Ladner, Fortenbaugh & Young,* for
appellant.

*George W. Tracy,* with him *Tracy & McNamee,* for
appellees.

OPINION BY JUDGE CRAIG, December 10, 1979:
The Zoning Hearing Board of Lansdale Borough
appeals from an order of the Court of Common Pleas

of Montgomery County, reversing the board's denial of applicant's request for variances from dimensional requirements of the borough's zoning ordinance.

Where, as here, the lower court took no additional evidence, our scope of review in zoning cases is limited to a determination of whether the zoning hearing board committed an abuse of discretion or an error of law. *Ottaviano v. Zoning Board of Adjustment of Philadelphia,* 31 Pa. Commonwealth Ct. 366, 376 A.2d 286 (1977).

Because we conclude that the Board abused its discretion, we must affirm the decision of the lower court.

The proposal here, to construct a single-family detached dwelling, a permitted use in a Class B residential district, required variances from area, side-yard and frontage requirements. Article IX of the Zoning Ordinance, No. 920 of the Code of the Borough of Lansdale, requires a minimum lot area of 5,000 square feet with a minimum 60-foot frontage, and two side-yards of at least 8 feet each. The lot is 144 feet long and 27 feet wide, with an area of 3,879 square feet; the proposal requested variances to permit a 27-foot frontage and 4-foot side-yards. The record indicates that this lot existed in single and separate ownership before the adoption of the zoning ordinance requirements.

An applicant for a variance must establish: (1) that there are unique physical circumstances peculiar to the particular property and that the unnecessary hardship is due to such conditions; (2) that the property cannot be developed in strict conformity with the provisions of the zoning ordinance; (3) that such unnecessary hardship has not been created by the applicant; (4) that the variance will not be detrimental to the public welfare; and (5) that the variance will represent the minimum variance that will afford relief. Section 912 of the Pennsylvania Municipalities Plan-

ning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912.

The board held that the proposal would result in overdevelopment of the property, detrimental to the public health, safety and welfare. Further, the board found as a fact and concluded as a matter of law that the applicant failed to establish that the requested variances were the minimum that would afford relief.

The applicant's proposed plan calls for a two-story dwelling measuring 45 feet long by 18.75 feet wide—a house width which is certainly not large. If compliance with the 8-foot side-yards were to be required, the resulting structure could only be 10.75 feet wide. We agree with the lower court that these side-yard and frontage variances are the minimum ones needed to afford relief by way of residential use. *Township of Salisbury v. Rummel,* 44 Pa. Commonwealth Ct. 581, 406 A.2d 808 (1979).

Here the effect of the board's refusal of the requested variances is that the property may not be used for residential purposes; compliance with the ordinance would result in a lot which is virtually useless. As in the controlling case of *Jacquelin v. Horsham Township,* 10 Pa. Commonwealth Ct. 473, 312 A.2d 124 (1973), the combined effect of the ordinance and the refusal of the board to grant the requested variances results in an unnecessary hardship. *Schaaf v. Zoning Hearing Board of Edinboro,* 22 Pa. Commonwealth Ct. 50, 347 A.2d 740 (1975).

As Judge SMILLIE's lower court opinion here succinctly stated:

The hardship asserted is virtually identical to that which was considered to be appropriate in Jacquelin. When the property cannot be used in a reasonable manner within the restrictions of the ordinance, the zoning requirements im-

pose an unnecessary hardship for which a variance is properly granted.

The record discloses no evidence that the proposed development of the premises would be in any way detrimental to the public welfare, but, to the contrary, the record establishes that the building would be an improvement over present conditions; the lot has remained vacant since 1969 when the previous existing structure was demolished. As the lower court well said:

The expert witness at the hearing stated that the proposed structure definitely would be in harmony with the spirit and purposes of the Zoning Code and that it would be in keeping with the plan for uniformity of development of the neighborhood. ... [T]he proposed structure is a detached dwelling of which there are many in the neighborhood, along with the semi-detached dwellings on similar sized lots. Further, the fact shows that a single family dwelling of the proposed size would not increase the congestion or overpopulate the area, nor would it be any burden on sewer, water and other public services since these services are already available to the premises.

The lower court correctly found that the board abused its discretion in denying the requested variances where, without the grant, applicant/owner would be deprived of any permitted use of the property and where the requested variances are the minimum necessary that would provide applicant with relief.

### ORDER

AND Now, this 10th day of December, 1979, the order of the Court of Common Pleas of Montgomery County, Civil Action—Law No. 76-19416 dated December 12, 1978, is affirmed.