Thomas McCarron, Legal Owner and Clover Diversified Investment Corporation, Equitable Owner *v.* Zoning Hearing Board of Borough of Lansdale and Borough of Lansdale. Borough of Lansdale, Appellant.

Argued April 10, 1980, before President Judge CRUMLISH and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*Richard W. Hollstein,* with him *George W. Braun, Clark, Ladner, Fortenbaugh & Young,* for appellant.

*Marc D. Jonas, Hamburg, Rubin, Mullin & Maxwell,* for appellee.

OPINION BY JUDGE BLATT, July 11, 1980:

The Borough of Lansdale (Borough) appeals here from an order of the Court of Common Pleas of Montgormery County which directed that variances from the local zoning ordinance be granted to the appellees, Thomas McCarron and Clover Diversified Investments Corp. (hereinafter referred to as "owners").

The owners sought variances for permission to erect single-family dwellings on two lots which lacked the required 60-foot frontage in a zoned area in the Borough of Lansdale. The Zoning Hearing Board of the Borough of Lansdale (Board) denied the variances, and the common pleas court affirmed that decision. The owner appealed to this Court[1] and we remanded the case to the Board for the purpose of taking additional testimony on the question of whether or not the owner was guilty of a self-imposed hardship. After taking such testimony the Board once again denied the variances, the owner again appealed to the common pleas court and, after argument, the appeal was sustained and the Borough was directed to grant the variances. This appeal followed.

The two properties involved here were included in a large tract of land on a plan which received subdivision approval from the Borough in 1960. The plan shows that the subject lots are in a Residential

---

[1] *McCarron v. Zoning Hearing Board of Lansdale,* 37 Pa. Commonwealth Ct. 309, 389 A.2d 1227 (1978).

B District across Spruce Street from each other with side yards bordering 17th Street. The plan erroneously states the width of the two lots as 75 feet when in actuality they were only 35 feet wide. At the same time the subdivision plan was approved, 17th Street was opened and then vacated, causing 20 feet of the 40-foot street to pass to the subject lots thereby increasing them in width from 35 feet to 55 feet each. Therefore, as the lots currently exist, they are five feet short of the 60-foot requirement set out in the zoning ordinance.

The Board found after the remand hearing that the owners had caused their own hardship by creating the undersized lots and therefore were not entitled to variances. The owners have consistently maintained that, at the time of the subdivision approval, both the Borough and the owners were under the mistaken belief that the vacating of 17th Street would result in the reversion of the entire 40 feet of the street to the subject properties thereby making them 75 feet wide as shown in the approved plan. They argue, therefore, that the hardship suffered by them is not, in fact, self-created but is rather the product of a mutual mistake affirmatively sanctioned by the Borough.

The Board was apparently unable to determine whether or not the Borough was aware that the 75 feet shown on the plan included that portion supposedly gained by the vacation of the street, and it concluded that the owners were solely responsible for the creation of the undersized lots and must therefore bear the consequences. The common pleas court reversed the Board's decision after concluding that "this is a classic case of the dead hand of zoning imposing upon a property a requirement that is impossible to fulfill." The Court found the situation

similar to the one presented to this Court in *Jacquelin v. Horsham Township,* 10 Pa. Commonwealth Ct. 473, 312 A.2d 124 (1973) where we held that, where a zoning regulation combined with a refusal to grant a variance resulted in a denial of *any* productive use of the land, the Board's denial of the variance was an abuse of discretion. It is important to note, however, that in *Jacquelin,* as in the cases that followed it,[2] the hardship was not created by the landowner. Thus the pivotal question becomes whether or not the hardship created in this case was self-inflicted so as to require us to reverse the order of the lower court.

A careful review of the record convinces us that the Borough knew at the time of the subdivision approval that the vacation of 17th Street would result in an increase of the width of the subject lots. Indeed, the fact that the street was vacated in conjunction with the approval necessitates that conclusion. The misunderstanding resulted when it was later determined that half of the vacated street reverted to other properties. What makes the conclusion of mutual mistake so compelling is the fact that the lots at the other end of the street in the plan had width of 75 feet, 15 feet more than required. It would seem therefore, that, if the owner had been aware that the subject lots were five feet too short he could have easily reduced the two 75-foot lots at the opposite end of the block and added the 30 feet thus saved to the two subject lots.

It is our conclusion that the Board erred in finding that the hardship was self-inflicted, and it was

---

[2] *See, e.g., Stefonick v. Zoning Hearing Board of Lansdale,* 47 Pa. Commonwealth Ct. 580, 409 A.2d 463 (1979) ; *Township of Salisbury v. Rummel,* 44 Pa. Commonwealth Ct. 581, 406 A.2d 808 (1979) ; *Schaff v. Zoning Hearing Board of Edinboro,* 22 Pa. Commonwealth Ct. 50, 347 A.2d 740 (1975).

therefore an abuse of discretion by the Board to deny the 5-foot variances requested.[3]

The order of the lower court is therefore affirmed.[4]

ORDER

AND Now, this 11th day of July, 1980, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby affirmed.

---

[3] The owners have also made a Motion to Quash based on the fact that the Borough did not intervene until after the second hearing before the Board. We believe the time of intervention is irrelevant since the municipality had the right to appeal the adverse decision of the common pleas court in its own name. See R. Ryan, Pennsylvania Zoning Law and Practice §9.5.6 (Supp. 1972).

[4] The owners have also raised serious constitutional questions concerning an alleged commingling of interests when a member of the law firm of the Board's solicitor appeared on behalf of the Borough. We need not decide this issue, however, since we have disposed of the case on other grounds.