James E. Jones, Appellant *v.* Zoning Board of North Catasauqua, Appellee.

Argued December 16, 1982, before Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*John F. Hacker, Weaver, Mosebach, Piosa & Hixson, P.C.,* for appellant.

*Elwood M. Malos,* for appellee.

OPINION BY JUDGE ROGERS, February 7, 1983:

This is a landowner's appeal from an order of the Court of Common Pleas of Northampton County, entered following a de novo hearing, by which the trial court affirmed the denial of the appellant's variance application by the Zoning Hearing Board of North Catasauqua Township.

The facts are entirely undisputed. The appellant purchased in 1978 a vacant lot of insufficient width to permit development by the construction of a detached dwelling under the terms of the zoning regulations applicable to the zoning district in which the lot is located. The original subdivision of the lot and, therefore, the creation of the nonconformity antedated the effective date of the zoning ordinance. The appellant applied for a building permit and, following the re-

fusal of this application by the zoning officer, requested of the zoning hearing board a variance from the minimum width requirement to permit the construction of a detached residence. The proposed building would be otherwise in complete conformance with all zoning restrictions other than those having to do with minimum lot width and including those related to total lot area, front and rear yards, and side setback. As we have indicated, the variance request was denied.

As the appellant argues, this case would seem to be controlled by our decision in *Jacquelin v. Horsham Township,* 10 Pa. Commonwealth Ct. 473, 312 A.2d 124 (1973), holding that the owner of a dimensionally nonconforming lot; the nonconformance of which antedates the applicable zoning, must be permitted, by the grant of a variance or other relief, to make some productive use of his property. We reasoned in *Jacquelin* that "[t]he police power, however broadly construed, may not be employed to take private property for public use without just compensation", *Id.* at 477, 312 A. 2d at 126, and that such an impermissible taking is accomplished by the refusal of the zoning authorities to permit a residentially zoned property to be used for any residential purpose. *See also Upper Leacock Township v. Zoning Hearing Board,* 481 Pa. 479, 393 A.2d 5 (1978) (lot narrowness existing at the time of zoning ordinance enactment is sufficient hardship to support the grant of a variance); *Alfano v. Zoning Hearing Board of Marple Township,* 14 Pa. Commonwealth Ct. 334, 339, 324 A.2d 851, 854 (1974) ("[I]n a variance case, the question is whether the property may be used in a reasonable manner within the restrictive provisions of the zoning ordinance or regulation.").

The same considerations govern the instant case. The effect of the decisions here before us is, con-

cededly, to deny to the appellant any productive use of his property.[1] Nevertheless, the appellant's application was denied by the zoning board and by the trial court primarily on the ground that there are a number of other insufficiently wide lots[2] in the same zoning district and, therefore, that the appellant's hardship is not, as it is required to be[3] in order to justify the grant of a variance, unique.[4]

Our review of the authorities cited, including particularly the terms of Section 912 of the Pennsylvania

---

[1] The possibility of a "forced" sale to an adjoining landowner does not require a different result. See Ferry v. Kownacki, 396 Pa. 283, 152 A.2d 456 (1959) ; Pfile v. Borough of Speers, 7 Pa. Commonwealth Ct. 226, 298 A.2d 598 (1972).

[2] The record does not reveal whether any of these other insufficiently wide lots were created before the enactment, in 1951, of the zoning ordinance or have been held in separate ownership since that time.

[3] Section 912(1) of the Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §10912(1) requires for the grant of a variance that the zoning provisions cause unnecessary hardship to the applicant and

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.

[4] The decision of the board is additionally predicated on that tribunal's finding that the appellant knew of the zoning regulations at the time of the purchase and, therefore, that his hardship is self-created. As we had occasion to explore in Zoning Hearing Board v. Grace Building Co., 39 Pa. Commonwealth Ct. 552, 395 A.2d 1049 (1979), knowledge of the applicable zoning regulations at the time of purchase, without more, does not prejudice the purchaser's later application for a variance. See also Marlowe v. Zoning Hearing Board of Haverford Township, 52 Pa. Commonwealth Ct. 224, 415 A.2d 946 (1980).

Municipalities Planning Code set forth in the margin, convinces us that the requirement in variance cases of "unique physical circumstances" serves only to distinguish and to disqualify for the purposes of variance relief, properties burdened only by the zoning restrictions which bear equally on all properties zoned. *See Michener Appeal*, 382 Pa. 401, 115 A.2d 367 (1955); *Jackson v. Zoning Board of York City*, 5 Pa. Commonwealth Ct. 271, 290 A.2d 438 (1972); *Arena v. Norristown Borough Zoning Board of Adjustment*, 2 Pa. Commonwealth Ct. 285, 276 A.2d 838 (1971).

There has been brought to our attention no support for the proposition that a property burdened by physical circumstances such as narrowness or irregular shape and otherwise the appropriate subject of a variance as incapable of productive use, may not be relieved of the zoning restrictions because other narrow or irregularly shaped lots remain undeveloped in the district. Just the contrary is required by such cases as *Jacquelin*; that is, each of the properties burdened by physical circumstances and deprived of all potential productive uses by this circumstance in combination with the zoning regulations must be, on proper application, appropriately relieved of the dimensional restrictions.[5]

## ORDER

AND Now, this 7th day of February, 1983, the order of the Court of Common Pleas of Northampton County. in the above-captioned matter is reversed.

---

[5] This result would also appear to be compelled by Section 62 of the Catasauqua zoning ordinance, having to do with the development of nonconforming lots, which in the clearest terms permits the development of insufficiently wide lots if the dimensional nonconformity existed on the effective date of the ordinance—a condition here met. We are nonplussed at the failure of either party to address the effect of this provision.