592 A.2d 118

**N. PUGLIESE, INC., Appellant,**

v.

**PALMER TOWNSHIP ZONING HEARING BOARD
and Palmer Township, Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 1, 1991.

Decided May 29, 1991.

Dennis A. DeEsch, for appellant.

Ralph J. Bellafatto, Easton, for appellees.

Before McGINLEY and BYER, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

This case comes to us on appeal from an order of the Court of Common Pleas of Northampton County affirming the denial of zoning variances. We affirm in part and reverse in part.

N. Pugliese, Inc. (Buyer) entered into an agreement of sale for the subject property and proposed to build a single-family home on it. The property is a 40 by 115 foot parcel located on Carbon Street in Palmer Township, Northampton County. Buyer proposes to build a home measuring 26 by 42 feet and centered on the property so that it would have seven-foot side yards on either side. Buyer applied for a building permit and asked for variances from the minimum lot-size and side-yard requirements.

The property is zoned medium density residential, which requires that homes be situated on lots of at least 55 by 120 feet. In addition, the ordinance requires minimum aggregate side yards of at least 25 feet, and the narrower side yard must be at least ten feet.

The subject property existed as a separate lot prior to the enactment of the ordinance. In the case of such non-conforming lots, the ordinance has less restrictive dimensional and side-yard requirements. Under those requirements, non-conforming lots need only be 60 by 100 feet, with minimum side yards of eight feet. Buyer's proposed construction will not even satisfy these requirements, and consequently the Palmer Township Zoning Hearing Board (Board) denied Buyer's request for a variance.

Buyer appealed to the Court of Common Pleas of Northampton County, which affirmed. The court heard the case on arguments and briefs only and took no new evidence.

 Our scope of review in a zoning appeal in which no new evidence is taken by the trial court is to determine whether the Board committed a manifest abuse of discretion or an error of law. *Valley View Civic Association v. Zoning Hearing Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). If the Board's decision is legally sound and supported by substantial evidence, it must be upheld. *Id.*

The Buyer alleges that the trial court erred 1) in determining that the Buyer did not establish all the criteria necessary for entitlement to a variance; 2) in determining that the Buyer's hardship was self-created; 3) in holding that the Buyer must comply with sections 607 and 1909 of the Zoning Ordinance; 4) in refusing to consider the request as an application for a special exception rather than a variance; 5) in concluding that the proposed home would adversely affect the health, safety, and welfare of the public; and 6) in precluding the Buyer from questioning the protestants regarding the character of the neighborhood.

 The physical circumstances in this case are that the property is located in a residential district, but has dimensions which are less than those required by the ordinance for the construction of a home. The narrowness of the lot also makes compliance with the side-yard provisions difficult. The lot constitutes a non-conforming lot since it existed separately prior to enactment of the zoning ordinance and has continued to be so held since that time. In *Rogers v. Zoning Hearing Board of East Pikeland Township,* 103 Pa. Commonwealth Ct. 478, 520 A.2d 922 (1987), we held that the right to build on such properties may be predicated on three theories: 1) variance independent of the ordinance; 2) special exception as provided for in the ordinance; and 3) absolute exemption as provided for in the ordinance. In this case the ordinance does not provide for an absolute exemption, so we need only consider the first two claims.

█ In order to establish entitlement to a variance, a property owner must show that the zoning ordinance imposes an unnecessary hardship because of unique physical circumstances or conditions peculiar to the property and that the unnecessary hardship is due to such conditions and not by the conditions of the zoning ordinance in the neighborhood; that the physical circumstances prevent the property from any reasonable use; that the unnecessary hardship is not self created; that the requested variance will not destroy the character of the neighborhood; and that the variance represents the least possible modification of the ordinance. Section 910.2 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* added by Section 89 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2; *Valley View.*

█ An undersized lot constitutes the physical circumstances which may entitle one to a variance provided the other variance criteria are met. *Jacquelin v. Zoning Hearing Board of Hatboro Borough,* 126 Pa. Commonwealth Ct. 20, 558 A.2d 189 (1989), *petition for allowance of appeal denied,* 525 Pa. 606, 575 A.2d 571 (1990). As we noted in *West Goshen Township v. Crater,* 114 Pa. Commonwealth Ct. 245, 538 A.2d 952 (1988), "(w)here a lot is too small to conform with the minimum lot area requirements, and cannot be made to conform by merging lots or by re-subdividing a larger tract, enforcement of the ordinance would sterilize the land, creating the necessary hardship which will justify the granting of a variance." *Id.,* 114 Pa.Commonwealth Ct. at 252–53, 538 A.2d at 955.

█ The right to develop such a lot is not personal to the owner of the property at the time of enactment of the ordinance, but is a right which runs with the land and vests in subsequent buyers. *Parkside Associates v. Zoning Hearing Board of Montgomery Township,* 110 Pa. Commonwealth Ct. 157, 532 A.2d 47 (1987). Consequently, it was error for the Board to hold that a purchaser of such a property creates his own hardship when he buys with knowledge that the lot is undersized. Since the right runs

with the land, it makes no difference whether the application for the variance is sought by the original owner or a successor in title. *Id.*

■ It is also apparent that the dimensions of the property make compliance with the ordinance impossible. The ordinance requires that a non-conforming undersized lot have dimensions greater than those of the subject parcel. Section 1909.C.2.b of the Palmer Township Zoning Ordinance states:

> (in) residential districts, existing lots of record sixty (60) or more feet wide, with both public sewers and water, on a plan or map recorded prior to January 15, 1973, may be used for single-family detached residential purposes and accessory uses thereto with individual side yards of not less than ten (10%) percent of the lot width or eight (8) feet, whichever is larger, so long as the lot or lots are of . . . six thousand (6,000) or more square feet in MDR . . . Districts, . . .

Since the subject lot is only 40 feet wide, and the proposed construction would leave only seven-foot side yards the lot's dimensions make compliance with the ordinance impossible.

■ The proposed development of this property will not alter the essential character of the neighborhood or district since the Buyer seeks to build a single family home on the lot in an area of other similar homes. While other residents of the area object to the Buyer's proposal because it is an attempt to "shoehorn" another home onto an undersized lot. As we have observed before, purely esthetic considerations by themselves will not constitute a valid basis for rejecting a request to erect a home on an undersized lot. *Rogers.* We do not believe therefore that this request for a variance can be refused on this ground.

■ The final criteria necessary to establish the right to a variance is a showing that the requested variance represents the minimum variance that will afford relief and will represent the least possible modification of the ordinance. Buyer has requested two variances from the zoning ordi-

nance, a dimensional variance and a side-yard variance. With respect to the request for a dimensional variance, Buyer has established that its request represents the minimum necessary relief since the lot's dimension cannot be altered, and neither Buyer nor his predecessor in title own an adjacent parcel with which this one may be consolidated. Since the enactment of the ordinance, the lot has been owned by Mabel Mitchell who owns another nearby lot, but that other lot is not an adjoining lot. Mrs. Mitchell sold the premises to Buyer, who does not own any adjacent parcel.

With respect to Buyer's second variance request, the Buyer has failed to establish that his request represents the least possible modification of the ordinance. Buyer's testimony before the Board was that it could build a smaller home and meet the eight foot side yards specified in the ordinance. Since the Buyer's own testimony demonstrates that the variance is unnecessary, we may not grant it. The reasons for granting a variance must be serious, substantial and compelling. *Valley View.* No such reasons are found to support the side-yard variance request.

Buyer's assertion that the Board erred in refusing to consider its request as a special exception does not advance its cause. Entitlement to a special exception is predicated on an applicant's satisfying the special exception criteria contained in the ordinance. *Rogers.* The ordinance in this case allows a special exception for non-conforming lots but only if the eight-foot side yards are observed. The smaller side yards proposed by Buyer violate this provision.

Accordingly, we reverse the trial court's order to the extent that it denies the request for a dimensional variance, but affirm the order to the extent that it denies the side-yard variances. Buyer shall be permitted to build a home on the subject lot, but must conform to the required eight-foot side yards.

## ORDER

AND NOW, this 29th day of May, 1991, the order of the Court of Common Pleas of Northampton County in the

above-captioned matter is hereby affirmed in part and reversed in part in accordance with the foregoing opinion.