**Haven D. WHARY and Carol Whary, His Wife, Appellants,**

**v.**

**ZERBE TOWNSHIP ZONING HEARING BOARD and Zerbe Township Board of Supervisors.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1996.

Decided Oct. 21, 1996.

Raymond J. Lobos, for Appellants.

Charles M. Suhr, for Appellee, Zerbe Township Zoning Hearing Board.

Roger V. Wiest, for Appellee, Zerbe Township Board of Supervisors.

Before KELLEY and FLAHERTY, JJ., and RODGERS, Senior Judge.

KELLEY, Judge.

Haven D. Whary and Carol Whary (the Wharys) appeal from an order of the Court of Common Pleas of Northumberland County (trial court) affirming a decision of the Zerbe Township Zoning Hearing Board (ZHB). The ZHB granted the Wharys a variance and a vested right to: (1) the continued use of a pole building on their property subject to the requirement that the Wharys clear their property of manure on a regular basis so as not to create a nuisance; and (2) maintain horses on their property provided, however, the horses may not be maintained within two hundred (200) feet of Pennsylvania Highway Route 225. We affirm.

The Wharys are the owners of a parcel of land situated in Zerbe Township, Northumberland County, Pennsylvania. The parcel lies partially in the M–L Manufacturing District—Limited and partially in the R–SU Residential District. A portion of the Wharys' property which is zoned R–SU Residential District borders State Highway Route 225.

Horses are permitted in the M–L Manufacturing District—Limited but are not permitted in the R–SU Residential District. The Wharys kept horses on their property during daytime hours commencing in 1991.

The Wharys permit the horses to roam over their entire property.

In 1991, the Wharys erected a fence on their property to restrain their horses. The Wharys spent $3,895.00 for the fence and $283.50 for gates.

On April 23, 1993, Zerbe Township (township) issued the Wharys a building permit to construct a pole building, twenty-four (24) feet by fifty (50) feet on the part of their property zoned M–L Manufacturing District—Limited. The Wharys spent $9,588.49 to construct the pole building. After completion of the pole building in June 1993, horses were housed therein.

During the construction of the fence and pole building, no complaints were lodged by anyone. The pole building lies within three hundred (300) feet of the neighboring property line.[1] The owners of three other properties in close proximity to that of the Wharys keep horses on their premises.

On May 12, 1994, the Wharys received an enforcement notice from the township pursuant to section 616.1 of the Pennsylvania Municipalities Planning Code[2] (MPC). Therein, the township notified the Wharys that they were in violation of the township's zoning ordinance by (1) maintaining horses within the M–L Manufacturing District and the R–SU Residential District; (2) maintaining buildings in which animals are located within three hundred (300) feet of a lot line; and (3) storing manure or other odor or dust-producing substance within three hundred (300) feet of any lot line.[3]

On June 9, 1994, the Wharys filed an appeal with the ZHB requesting a variance to allow the Wharys to utilize their property for the maintenance of riding horses. On September 14, 1994, a hearing was held before the ZHB. Before the ZHB, neighboring property owners testified that the housing of horses on the Wharys' property caused a stench and adversely affected the use and enjoyment of their properties.

On October 5, 1994, the ZHB's decision was orally presented and a written decision was issued on October 18, 1994. The ZHB found that the Wharys were entitled to a vested right to the continued use of their pole building subject to the requirement that the Wharys must clear their property of manure on a regular basis so as not to create a nuisance. The ZHB also found that the Wharys were entitled to a vested right to maintain horses on their property provided, however, the horses not be maintained within two hundred (200) feet of Pennsylvania Highway Route 225 in order to eliminate the odor problem. In addition, the ZHB determined that the Wharys were entitled to a variance.

On November 16, 1994, the Wharys appealed the ZHB's decision to the trial court. On December 8, 1994, the township intervened in this matter.

The trial court did not take any additional evidence. Before the trial court, the Wharys argued that the members of the ZHB violated section 908(8) of the MPC[4] by allegedly contacting several complainants and by allegedly inspecting the site without notice to the Wharys or an opportunity for the Wharys to be present or heard. To support these allegations, the Wharys submitted, as an exhibit

---

1. The township's zoning ordinance provides that buildings in which animals or poultry are kept shall not be erected within three hundred (300) feet of any lot line. *See* Zerbe Township Zoning Ordinance, Article II(A)(1)(a), Reproduced Record (R.) at 8a.

2. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10616.1. Section 616.1 of the MPC was *added by* Act of December 21, 1988, P.L. 1329, and provides that "[i]f it appears to a municipality that a violation of any zoning ordinance ... has occurred, the municipality shall initiate enforcement proceedings by sending an enforcement notice as provided in this section."

3. *See* Zerbe Township Zoning Ordinance, Article II(A)(c), R. at 8a. Article II(A)(c) provides that the storage of manure or odor or dust-producing substance shall not be permitted within 300 feet of any lot line.

4. 53 P.S. § 10908(8). Section 908(8) provides, in part, that the ZHB shall not communicate, directly or indirectly, with any party in connection with any issue involved except upon notice and opportunity for all parties to participate or shall not inspect the site or its surroundings after the commencement of hearings with any party unless all parties are given an opportunity to be present.

to their land use appeal, an affidavit of Carol Whary.

The trial court rejected the affidavit as hearsay and as not constituting testimony before the trial court. The trial court opined that the Wharys possessed the opportunity to request the presentation of additional testimony before the trial court and failed to do so. Accordingly, the trial court found that all issues concerning alleged violations of section 908(8) of the MPC were waived.

In addition, the trial court held that the ZHB properly granted the Wharys a variance and a vested right to house horses in the newly-constructed pole building and that the ZHB did not err in restricting the housing of horses from a two hundred foot strip of land bordering State Highway Route 225. This appeal followed.

 Because no additional evidence was submitted to the trial court, this court's scope of review is limited to a determination of whether the ZHB committed a manifest abuse of discretion or an error of law. *Searles v. Zoning Hearing Board, City of Easton,* 118 Pa.Cmwlth. 453, 545 A.2d 476 (1988). A zoning hearing board abuses its discretion only if its findings of fact are not supported by substantial evidence. *Bilotta v. Haverford Township Zoning Board of Adjustment,* 440 Pa. 105, 270 A.2d 619 (1970). By substantial evidence we mean such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 555, 462 A.2d 637, 640 (1983).

The Wharys raise the following issues [5] on appeal herein:

♦ Whether the trial court, upon being apprised of the alleged violation of section 908(8) of the MPC, should have conducted, of its own accord, an evidentiary hearing pursuant to section 1005–A of the MPC, 53 P.S. § 11005–A;

♦ Whether the members of the ZHB acted in violation of section 908(8) of the MPC when they communicated with several of

the complainants and inspected the site after the hearing, without notice or opportunity to be present or heard; and

♦ Whether the ZHB, when it imposed a two hundred (200) foot buffer zone on part of the Wharys' property, without the benefit of any substantial evidence relative to whether such a zone would protect the health or welfare of the complainant neighbors, acted unreasonably, arbitrarily and capriciously, and against the mandates of its own ordinance, thus depriving the Wharys of their right to proper and full enjoyment of their land.

First, the Wharys argue that the trial court should have conducted, on its own accord, an evidentiary hearing pursuant to section 1005–A of the MPC, when apprised of the alleged violations of section 908(8) by the members of the ZHB.

Section 1005–A of the MPC provides, in pertinent part, as follows:

> If, *upon motion,* it is shown that proper consideration of the land use appeal requires the presentation of additional evidence, a judge of the court may hold a hearing to receive additional evidence, may remand the case to the body, agency or officer whose decision or order has been brought up for review, or may refer the case to a referee or receive additional evidence....

53 P.S. § 11005–A (emphasis added).[6]

Despite the explicit language of section 1005–A and the fact that the Wharys failed to file a motion requesting the presentation of additional evidence, the Wharys contend that the trial court should have conducted an evidentiary hearing on its own accord when presented with the allegations contained in Carol Whary's affidavit. To support this contention, the Wharys rely on *Amerikohl Mining Inc. v. The Zoning Hearing Board of Wharton Township,* 142 Pa.Cmwlth. 249, 597 A.2d 219 (1991), *petition for allowance of appeal denied,* 529 Pa. 652, 602 A.2d 861 (1992).

---

**5.** In the interest of clarity, we have rearranged the order of the issues presented on appeal herein.

**6.** Section 1005–A was added by Act of December 21, 1988, P.L. 1329.

While *Amerikohl* dealt with the issue of whether the trial court was required to make findings of fact pursuant to section 1005–A of the MPC after receiving additional evidence on the issue of bias, we note that Amerikohl filed a motion for leave to present additional evidence with the trial court which the trial court granted in part and denied in part. *Amerikohl*, 597 A.2d at 220–21. Therein, we held that the evidence of bias offered by Amerikohl was not the type of additional evidence that required the trial court under section 1005–A of the MPC to make its own findings of fact on the underlying merits. *Id.* at 222.

The facts and the holding in *Amerikohl* are not applicable to the present matter. In this case, the Wharys had an opportunity, pursuant to section 1005–A, to request, via a motion, that the trial court take additional evidence with respect to the alleged violations of section 908(8) of the MPC and failed to do so. Instead, the Wharys chose to simply attach an affidavit to their land use appeal. Section 1005–A clearly provides that the trial court may, *upon motion*, take additional evidence if it shows that proper consideration of the land use appeal requires the presentation of additional evidence.

■ Accordingly, the trial court was under no obligation to conduct an evidentiary hearing on its own accord to remedy the Wharys' failure to file a motion requesting the presentation of additional evidence pursuant to section 1005–A of the MPC. Therefore, the trial court did not err by not conducting an evidentiary hearing and by not accepting as additional evidence the affidavit of Carol

Whary to substantiate the allegations contained therein regarding certain violations of section 908(8) by the members of the ZHB.[7]

Next, the Wharys argue that the ZHB's findings of fact are not supported by substantial evidence; therefore, the ZHB committed a manifest abuse of discretion. Specifically, the Wharys contend that there is no evidence correlating a distance of two hundred (200) feet with eliminating an odor being emitted by horses.[8]

■ The Wharys concede that a zoning hearing board may, in granting a variance, attach such reasonable conditions and safeguards as they deem necessary to implement the purposes of the MPC and the zoning ordinance. However, the Wharys argue that, based on the record evidence, it is hard to conceive how the ZHB could have reasonably concluded that imposing a two hundred (200) foot restriction on the usage of their land was necessary to further the purposes of the zoning ordinance.

As correctly pointed out by the Wharys, the ZHB has the authority, pursuant to the MPC to attach reasonable conditions and safeguards that it deems necessary to implement the purposes of the MPC and the zoning ordinance.[9] In this case, the ZHB determined that the Zerbe Township Zoning Ordinance authorizes the maintenance of horses in a M–L Manufacturing District— Limited as a permitted use.[10] The zoning ordinance does not permit the maintenance of horses in a R–SU Residential District.[11]

The Wharys do not dispute that the two hundred (200) foot area of the Wharys' prop-

---

7. Due to our resolution of the Wharys' first issue presented on appeal herein, we will not address their second issue regarding whether the members of the ZHB violated section 908(8) of the MPC.

8. We note that neither the Wharys nor the township has appealed the board's determination and the trial court's affirmance thereof, that the Wharys established a vested right to continue utilizing their property to maintain horses or that the Wharys are entitled to a variance. Accordingly, those issues are not presently before this court.

9. *See* section 10910.2(b) of the MPC, 53 P.S. § 910.2(b). Section 910.2(b) was *added by* Act of December 21, 1988, P.L. 1329, and provides that

"[i]n granting any variance, the board may attach such reasonable conditions and safeguards as it may deem necessary to implement the purposes of this act and the zoning ordinance."

10. *See* Zerbe Township Zoning Ordinance, Article XIII(A)(20), R. at 39a. Pursuant to Article XIII(A)(20) of the zoning ordinance customary agricultural operations, farming, nurseries, and greenhouses are uses permitted in the M–L Manufacturing District—Limited.

11. *See* Zerbe Township Zoning Ordinance, Article IX(A), R. at 33a.

erty which the ZHB restricted from the housing of horses is zoned R–SU residential. Accordingly, the restriction or condition imposed by the ZHB is in keeping with the township's zoning ordinance. Furthermore, a review of the record herein reveals that the two conditions imposed by the ZHB, that the Wharys must keep their property clear of manure on a regular basis and that the horses may not be maintained within two hundred (200) feet of the State Highway Route 225 to help eliminate the odor problem, are supported by substantial evidence. *See* R. at 51a; 63a–64a; 67a.

Finally, the Wharys contend that Article I, Section D of the township's zoning ordinance permits them to utilize at least fifty (50) feet of their property zoned residential to maintain horses if in fact horses are allowed to be kept in the M–L Manufacturing District. Article I, Section D of the township's zoning ordinance governs the interpretation of district boundaries and provides that:

> When a district boundary line divides a lot held in single and separate ownership at the effective date of this Ordinance, the regulations of either abutting district may be construed by the owner to be applicable to the portion of such lot in the other abutting district for a distance of not more than fifty feet (50') beyond the district boundary line.

R. at 7a.

This provision of the township's zoning ordinance does appear to permit the Wharys, as the owners of property zoned in two separate districts, to utilize at least fifty (50) feet of their property zoned residential in accordance with the regulations governing the M–L Manufacturing District. However, the regulations governing permitted uses in the M–L Manufacturing District—Limited, in addition to listing the permitted uses, provide that "[t]he preceding uses are permitted only on the condition that they are not obnoxious or offensive by reason of the emissions of odor, . . . ." Zerbe Township Zoning Ordinance, Article XIII(A), R. at 40a.

As stated, the ZHB found that there is an odor problem with respect to the housing of horses on the Wharys' property and has taken measures to help protect the surrounding property owners and public from the problem. Accordingly, the Wharys may not utilize fifty (50) feet of the portion of their property zoned residential, which borders State Highway Route 225, for the maintenance of horses in accordance with the regulations governing the M–L Manufacturing District—Limited.

The order of the trial court is affirmed.

### ORDER

NOW, this 21st day of October, 1996, the order of the Court of Common Pleas of Northumberland County, dated November 6, 1995, at No. CV 94–1450, is affirmed.