Walter YOUNG, Appellant,

v.

Charles PISTORIO, Jane L. Shelton and Bensalem Zoning Hearing Board.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 2, 1998.

Decided July 31, 1998.

James J. McMaster, Newtown, for appellant.

Marvin L. Portney, Bristol, for appellee.

Before FLAHERTY and LEADBETTER, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The issue before this Court is whether an applicant for a variance met his burden of proving that unique physical conditions of a subject property caused unnecessary hardship, thus, allowing the zoning board the authority to grant a variance.

Walter Young (Young) appeals from the order of the Court of Common Pleas of Bucks County that affirmed the decision of the Bensalem Township Zoning Hearing Board (ZHB) granting variances requested by Charles Pistorio and Jane L. Shelton (Applicants). We affirm.

On September 15, 1995, Applicants submitted an application for variances on their property known as Bucks County Tax Parcel No. 2–62–639–1 (subject property). The 21,643 square foot tract is located on Route 13 and backs into Interstate 95 in Bensalem Township. Because the subject property is located on a curve, it is almost the shape of a quarter section of a circle. The subject property is zoned GC–General Commercial and the only structure on the property is an advertising sign. Applicants sought relief from the Bensalem Township Zoning Ordinance in order to construct a storage facility for the purpose of warehousing products, which are sold on an adjacent property, also owned by Applicants.[1]

The ZHB held a hearing and voted unanimously to grant the variances, with the condition that the subject parcel be combined with Applicant's adjoining property.

Young filed an appeal, citing fifteen errors committed by the ZHB. Following a conference, during which the trial court advised counsel to limit the issues, the parties agreed to confine the trial court's review to the following challenges [2]:

a) The property in question is capable of reasonable use without any variance.

b) There are no physical conditions or circumstances unique or peculiar to the subject property which constitute an unnecessary hardship.

d) There was no unnecessary hardship shown by the Pistorios to justify the granting of any variance.

e) To the extent any variance was warranted, which is denied, the variances granted were not the minimum variance that would provide the requisite level of relief.

f) The variances granted and the condition attached to them will result in the subdivision or re subdivision or combination of lots, which is a power reserved in the governing body (Bensalem Township Council) and not held by the Zoning Hearing Board.

g) The variances granted were granted without the required notice to all the owners of property within 400 feet of the boundaries of the combined lots, as required by the Zoning Ordinance.

h) The variances granted will allow the construction of an accessory building on a lot other than the lot where the principal building or use is located in violation of the Zoning Ordinance.

i) The ordinances granted will allow the construction of a building that will allow the expansion of a use on an adjoining lot that is at least in part illegal or nonconforming under the applicable provisions of the Zoning Ordinance.

o) The decision of the Zoning Hearing Board was otherwise arbitrary, capricious, an abuse of discretion and/or contrary to law.

---

**1.** Applicants operate a go-kart sales and service business on the adjoining property.

**2.** Challenges (c), (j), (k), ($l$), (m) and (n) were not submitted to the court for its review.

Without taking additional evidence, the trial court, after carefully reviewing the evidence and testimony presented to the ZHB, affirmed the grant of a variance, holding that Applicants had met their burden of proving an unnecessary hardship based upon the unique physical condition of the subject property. The trial court also held that the ZHB had not abused its discretion in attaching the condition that the two properties owned by Applicants be joined, citing *Whary v. Zerbe Township Zoning Hearing Board,* 683 A.2d 1294 (Pa.Cmwlth.1996).

On appeal to this Court,[3] Young again raises the same issues as presented by the trial court. We shall review these *in seriatim.*

Young first argues that the trial court erred in affirming the ZHB because the property is capable of reasonable use without any variance because no physical conditions or circumstances are unique or particular to the subject property which would constitute an unnecessary hardship. We do not agree. Section 910.2 of the Pennsylvania Municipality Planning Code states that:

(a) The board shall hear requests for variances where it is alleged that the provisions of the zoning ordinance inflict unnecessary hardship upon the applicant. The board may by rule prescribe the form of application and may require preliminary application to the zoning officer. The board may grant a variance, provided that all of the following findings are made where relevant in a given case:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

(3) That such unnecessary hardship has not been created by the appellant.

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

(b) In granting any variance, the board may attach such reasonable conditions and safeguards as it may deem necessary to implement the purposes of this act and the zoning ordinance.

Act of July 31, 1968, P.L. 805, added by the Act of December 21, 1988, P.L. 1329, *as amended,* 53 P.S. § 10910.2.

The ZHB found that unique physical conditions, including an irregular shape, were peculiar to the particular property and that the unnecessary hardship was due to such conditions. Young asserts that many properties in this area had irregularly shaped lots located on a dead end street backing upon I–95, and thus, this condition is not unique to this property. However, we have carefully reviewed the record and find that no evidence to support this allegation exists. In fact, the record presents substantial physical and verbal evidence of the unusual and unique features of the subject property. Further, the testimony at the hearing indicated the absence of other reasonable uses for the subject property because of the irregularly shaped lot, located on a dead end street, backing on I–95 and because of its

---

**3.** Where a trial court takes no additional evidence following a decision by a ZHB, the scope of review is limited to whether the ZHB committed manifest abuse of discretion or error of law in granting a variance. *Larsen v. Zoning Board of Adjustment, City of Pittsburgh,* 543 Pa. 415, 672 A.2d 286 (1996).

given low visibility and insignificant traffic flow. Because the ZHB is to determine the credibility of witnesses and the weight to be given the evidence, *Borough of Youngsville v. Zoning Hearing Board of Borough of Youngsville*, 69 Pa.Cmwlth. 282, 450 A.2d 1086 (1982), we will not reverse these findings.

 Young also asserts that no unnecessary hardship was shown. Again, we do not agree. In order to establish the right to a variance, the property owner must not only show unique physical circumstances and conditions particular to the property, but that unnecessary hardship is due to such conditions. *N. Pugliese, Inc. v. Palmer Township Zoning Hearing Board*, 140 Pa.Cmwlth. 160, 592 A.2d 118 (1991). Further, this unnecessary hardship must not be self-created. *Id.* Because the ZHB found that no other reasonable use was possible for the subject property based on the unique physical conditions, and there has been no averrance that Applicants' own action created the unnecessary hardship, we hold that the trial court correctly affirmed the ZHB determination that Applicants demonstrated unnecessary hardship.

 Next, Young contends that the variances granted were not the minimum, which would provide the requisite level of relief. Young asserts that there was no evidence that indicates that a smaller warehouse would not be reasonable. While Applicants' experts stated that a smaller warehouse could be built "engineering wise," the ZHB accepted the experts' testimony that constructing anything smaller would not be economically viable (113a, 117a–118a). While economic and personal considerations in and of themselves are insufficient to constitute hardship necessary to justify the grant of a variance, *Pittsburgh Trust for Cultural Resources v. Zoning Board of Adjustment of the City of Pittsburgh*, 145 Pa.Cmwlth. 503, 604 A.2d 298 (1992), the ZHB did not solely weigh financial considerations in reaching its decision. The ZHB found that the requested variances were necessary to enable the reasonable use of the property and in its opinion the variances granted were the minimum

variances that would afford relief. (Conclusion of Law 2 and 5).

 Young's final argument focuses on the ZHB's grant of the variance conditioned upon combination of the subject property with the adjacent parcel owned by Applicants. The ZHB apparently placed this condition upon Applicants in order to bypass any argument that the use would be illegal or nonconforming. However, by joining the two lots, the use would become a permitted accessory use to Applicants' business. It is exclusively within the power of the ZHB to attach conditions when granting variances. *Graham v. Zoning Hearing Board of Allen Township*, 520 Pa. 526, 555 A.2d 79 (1989). Therefore, we hold that Applicants met their burden of proving that the subject property should be granted a variance.

Accordingly, we affirm.

### ORDER

AND NOW, this 31st day of July, 1998, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby affirmed.