**PEMBROKE PEE WEE, INC.**

v.

**ZONING HEARING BOARD OF BETHLEHEM TOWNSHIP and Township of Bethlehem,**

**Appeal of: Township of Bethlehem.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 15, 2000.

Decided Feb. 8, 2001.

Thomas R. Elliott, Jr., Easton, for appellant.

No appearance entered on behalf of appellees.

Before McGINLEY, Judge, FRIEDMAN, Judge and MIRARCHI, Jr., Senior Judge.

FRIEDMAN, Judge.

The Township of Bethlehem (Township) appeals from the April 5, 2000 order of the Court of Common Pleas of Northampton County (trial court), which granted the appeal of Pembroke Pee Wee, Inc. (Pembroke) from a decision of the Zoning Hearing Board of Bethlehem Township (ZHB) denying Pembroke's application for dimensional variances. We reverse.

Pembroke owns a parcel of real estate at the northeast corner of Cypress Street and Freemansburg Avenue in the Township.

The non-conforming lot is thirty feet wide, one hundred and twenty feet long, 3,600 square feet in area, and lies within a Medium Density Residential (MDR) District. Pembroke purchased the lot for $2,000 and plans to construct a single-family residence twenty feet wide and forty feet long on the lot. Pembroke intends to sell the residence for approximately $100,000 and expects to realize a substantial profit from the sale. (ZHB's Findings of Fact, Nos. 1, 4, 6; ZHB's op. at 1–2.)

However, section 605(A)(1) of the Zoning Ordinance for Bethlehem Township (Ordinance) requires a minimum lot size of 10,000 square feet for a single-family detached dwelling. Section 605(C) of the Ordinance requires a minimum lot width of eighty feet for uses in an MDR district. Section 605(F)(1) of the Ordinance requires a minimum side yard setback for principal structures of ten feet for each required side and twenty-five feet total where two side yards are required. Finally, section 1909(C)(2)(a)(vii) of the Ordinance states that, in an MDR district, "as an absolute minimum, in no case shall a principal building be developed on a non-conforming lot with a ... minimum lot width at the minimum setback line of less than 35 feet. ... "

Pembroke sought variances with respect to these requirements, and a hearing was held before the ZHB. The ZHB denied the variances on a number of grounds. Pembroke then appealed to the trial court, which reversed the ZHB. The Township [1] now appeals to this court.[2]

The Township argues here that Pembroke failed to present substantial evidence to show that the side yard variance it sought would represent the minimum variance that will afford relief and would represent the least modification possible of the requirement.[3] We agree.

Section 1909(C)(2)(a)(iv) of the Ordinance states that owners of non-conforming lots shall comply with side yard setbacks unless the ZHB grants a variance or a waiver. Section 605(F)(1) of the Ordinance requires a minimum side yard setback for principal structures of ten feet for each required side and twenty-five feet total where, as here, two side yards are required. In this case, Pembroke plans to

---

1. We note that the Township intervened in the proceedings before the trial court.

2. Where the trial court takes no new evidence, our scope of review is to determine whether the ZHB committed a manifest abuse of discretion or an error of law. *N. Pugliese, Inc. v. Palmer Township Zoning Hearing Board*, 140 Pa.Cmwlth. 160, 592 A.2d 118 (1991). If the ZHB's decision is legally sound and supported by substantial evidence, it must be upheld. *Id.*

3. In order to establish entitlement to a variance due to unnecessary hardship, a property owner must show:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and, therefore, the authorization of a variance is therefore necessary to enable the reasonable use of the property.

(3) That such unnecessary hardship has not been created by the appellant.

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

(5) *That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.* ...

Section 910.2(a) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, added by section 89 of the Act of December 21, 1988, P.L. 1329, *as amended*, 53 P.S. § 10910.2(a) (emphasis added).

construct a residence twenty feet wide on a thirty-foot-wide lot, leaving only ten feet for both side yard setbacks. One of the questions presented to the ZHB, then, was whether Pembroke proved that it could not build a residence less than twenty feet wide on its lot.

On this matter, the ZHB made the following finding of fact:

> 7. [Pembroke's owner]...stated that if variances are not granted, he intends to build a house measuring 5′ × 40′. In other words, a smaller home can be constructed on the lot without the need for minimum side yard setback variances.

(ZHB's Findings of Fact, No. 7.) However, Pembroke's owner did *not* testify that he "intends" to build a house five feet wide and forty feet in length. Rather, Pembroke's owner testified as follows:

> Q   Assuming that you do not receive a variance for the side yard, would you construct a house 5 by 40?
>
> A   I don't know, sir. I don't know that answer.
>
> Q   That's a fair enough answer.
>
> A   I would hope I wouldn't have to, sir.

(R.R. at 27a.) The ZHB evidently interpreted the words "I would hope I wouldn't have to, sir" to mean that Pembroke *would* build a house measuring five feet by forty feet if it "has to," that is, if it does not receive a side yard variance.

■ However, the above testimony is irrelevant because, as a matter of law, it is not possible to construct a residence on a strip of land that is ten feet wide or less. In *Schaaf v. Zoning Hearing Board of Borough of Edinboro,* 22 Pa.Cmwlth. 50,

347 A.2d 740, 743 (1975), this court held that, where the yard setbacks "leave a maximum 6.45 foot wide strip remaining on which to construct a residence," the lot "would be rendered virtually useless" without a variance. Moreover, in *Damico v. Zoning Board of Adjustment,* 164 Pa. Cmwlth. 394, 643 A.2d 156, 163 (1994), there was testimony that it would be "impossible to build anything" on a lot where the side yard setbacks limited the width of the structure to ten feet. We noted the following comment of the zoning board chairman: "[F]or practical purposes, I don't know that you could even construct, literally, a closet with outside walls with 10 feet." *Id.* at 163 n. 12. We then held that the record contained substantial evidence to support the grant of dimensional variances. *Damico.* Thus, the ZHB committed an error of law in finding that Pembroke could construct a house five feet wide on its lot.

Obviously, because of our prior case law, it was not necessary for Pembroke to present evidence to show that it could not construct a residence *ten* feet wide on its lot. However, Pembroke still needed to present evidence to show that it could not construct a residence *less than twenty* feet wide on its lot.[4] Because Pembroke presented *no* evidence in this regard, Pembroke did not prove that the side yard variance it sought was the minimum variance that would afford Pembroke relief and represented the least modification possible of the side yard requirement. *See N. Pugliese, Inc. v. Palmer Township Zoning Hearing Board,* 140 Pa.Cmwlth. 160, 592 A.2d 118 (1991).

4.   Indeed, the Township's Ordinance creates a legal presumption that a 17.5 foot wide house is a viable residence. Section 1909(C)(2)(a)(vii) of the Ordinance allows the construction of a house on a non-conforming lot that is thirty-five feet wide. In addition, section 1909(C)(2)(a)(iv)(a) of the Ordinance allows the ZHB, in certain instances, to reduce the side yard setbacks for such non-conforming lots to seventy percent of the requirement. Seventy percent of the twenty-five-foot requirement for side yard setbacks is 17.5 feet. Subtracting this 17.5 feet from the lot width of thirty-five feet, we see that the Ordinance envisions a single family detached dwelling that is 17.5 feet in width. Inasmuch as the Ordinance sets forth 17.5 feet as a viable width for a residence on a non-conforming lot, Pembroke needed to show that it could not build a residence of that width on its lot.

Accordingly, we reverse.[5]

*ORDER*

AND NOW, this 8th day of February, 2001, the order of the Court of Common Pleas of Northampton County, dated April 5, 2000, is reversed.

---

**5.** Because of our disposition of this matter, we need not address the other issues raised by     the Township.