**Abington Bank v. Broadway Penn Mutual Office Fee**

*Matthew A. White* and *Marc B. Kaplan*, for plaintiff.
*Benjamin M. Schmidt*, for defendant.

PANEPINTO, *J.*, March 8, 2011—Appellant, Abington Bank (hereinafter referred to as appellant), represented by counsel, appeal this court's order entered November 24, 2010 and docketed December 2, 2010, which reversed the decision of the Philadelphia Zoning Board of Adjustment in this matter concerning hardship.

## PROCEDURAL AND FACTUAL BACKGROUND

This matter stems from the filing of a statutory appeal on December 23, 2009 by the appellee from the zoning board of adjustment ("ZBA") supplemental findings issued on November 24, 2009. The appellee appealed the supplemental findings on the issue of unnecessary hardship from the underlying ZBA decision that granted relief to permit the development of a high-rise residential condo building at 500-506 Walnut Street, Philadelphia, PA to the original owners, 500-506 Walnut Street Associates LP and Gagan Lakhmna "Walnut Associates" and now appellant, Abington Bank.

This case was originally from a February 23, 2006 decision of the ZBA which granted the requested variances for the building. On October 19, 2006, Judge Glazer of the court of common pleas affirmed the ZBA decision to grant the requested relief. The decision of the court of common pleas was appealed to the Commonwealth Court by then appellants, and now appellees, on November 15, 2006 and November 17, 2006. After the July 26, 2007 decision and order of the Commonwealth Court, the court of common pleas issued an order of remand on August 31, 2007 for the sole purpose of the ZBA to issue supplemental findings, based on the existing record, to support the ZBA's conclusion that the applicant would suffer unnecessary hardship if the requested relief was not granted. The supplemental findings of fact and conclusions of law were filed by the ZBA on November 24, 2009 and appealed to this court on December 22, 2009 under the case December Term, 02406, and December 23, 2009 under the case December Term 2009, 02803, which were later consolidated.

Oral arguments were held in this case on August 26,

2010, with appearances by both parties. After the oral argument, this court reversed the decision of the ZBA and granted the appeal by order dated November 27, 2010 and docketed December 2, 2010. On December 22, 2010, appellant filed this appeal to the Commonwealth Court of the order reversing the decision of the ZBA.

## ALLEGATIONS OF ERROR

On December 23, 2010, this court entered an order directing appellant to file a Rule 1925(b) statement no later than 21 days after the entry of the order. The docket indicates that notice under Rule 236 was given on December 23, 2010. Appellant listed their concise statement of matters complained of on appeal as follows:

1.    The lower court committed an error of law and/ or abused its discretion in granting the appeals of Broadway Penn Mutual Office, L.P. and the American Board of Internal Medicine, and reversing the decision of the Philadelphia Zoning Board of Adjustment ("ZBA").

2.    The lower court committed an error of law and/or abused its discretion in determining that the evidence as presented during the hearing before the ZBA ("ZBA Hearings") was insufficient to support the ZBA's finding of undue hardship.

3.    The lower court committed an error of law and/or abused its discretion in finding that the applicant failed to sustain its burden of proof before the ZBA.

4.    The lower court applied the incorrect standard of review to the Findings of Fact and Conclusions of Law

of the ZBA.

5. Appellant reserves the right to amend the foregoing upon receipt of the lower court's opinion, which has yet to be issued.

## ANALYSIS

Appellant's statutory appeal from the ZBA has been properly decided by reversing the decision of the ZBA. The decision of the ZBA to grant the requested variances for this project was not supported by substantial evidence in the record concerning undue/unnecessary hardship.

In statutory appeals from a local agency, when no additional evidence is taken, this court's standard of review is limited to determining whether the ZBA committed an error of law or a manifest abuse of discretion. *Valley View Civic Ass'n v. Zoning Bd. Of Adjustment*, 501 Pa. 550, 554, 462 A.2d 637, 639 (Pa. 1983). Under this standard, the findings of fact made by the ZBA should only be overturned if the findings were not supported by substantial evidence, which is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

In *Philadelphia Civil Service Comm. v. Ross*, 595 A.2d 200, 202 (Pa. Cmwlth. 1989), this court's limited scope of review was further outlined, requiring the court to "view the evidence in the light most favorable to the party that prevailed before the agency, giving that party the benefit of all reasonable inferences." The court's limited review is necessary due to the ZBA being the sole finder of fact on all questions of credibility and weighing of the evidence. See *Broussard v. Zoning Bd. Of Adjustment*, 831 A.2d 764,

772-73 (Pa. Cmwlth. 2003).

In reviewing the grant of the dimensional variance, multiple factors may be considered, "including the economic detriment to the applicant if the variance is denied, the financial hardship created by any work necessary to bring the building into strict compliance with the zoning requirements and the characteristics of the surrounding neighborhood." *Hertzberg v. Zoning Bd. Of Adjustment*, 554 Pa. 249, 264, 721 A.2d 43, 50 (Pa. 1998). The applicant does not need to show that the property in question cannot be used for any other purpose. *Id.* The hardship complained of must be "unique or peculiar to the property as distinguished from a hardship arising from the impact of zoning regulations on an entire district." *Valley View Civic Ass'n* at 556, 462 A.2d at 640 (1983). The code itself mandates that the hardship must stem from "the particular physical surrounding, shape, or topographical conditions of the specific structure or land involved." Philadelphia Zoning Code §14-1802(1)(a).

In the present case, the Commonwealth Court vacated the common pleas court decision and ordered that the matter be remanded to the zoning board after it concluded:

[T]he ZBA did not make any findings to support their conclusion that Applicant would suffer hardship if his variance request was not granted. This was an error of law, precludes our ability to perform complete appellate review, and a remand is now required to allow the ZBA to address this issue on the existing record... consistent with this opinion. July 26, 2007 opinion of the Commonwealth Court at p.26.

From the review of the record by the Commonwealth

Court, the only issue that remains on appeal before this court is whether or not the supplemental findings created by the ZBA supported the conclusion that appellant would suffer hardship if their request was not granted.

After the case was remanded, the ZBA made eight supplemental findings of fact and four supplemental conclusions of law concerning hardship. The first supplemental finding states "[t]he property is subject to many limiting conditions." Supplemental findings of fact ¶1. In reviewing the evidence cited by the ZBA to support this finding, the record reflects the statement by witness Craig Schelter that the "site has lots of limiting conditions on it." N.T. 11/16/05, p. 26 at 20-21. Mr. Schelter then went on to only list one such limiting condition, that of the site being "extremely narrow." *Id.* at 22. In order to support a finding that "lots of limiting conditions" were present, this court would expect more than one condition to be present in the cited record, especially when the same finding is again set forth in a later findings as well. A mere conclusion without support within the record set forth by the ZBA can not be found to be based on substantial evidence.

The second supplemental finding states "[t]he property is subject to an easement that precludes construction of a building within 25' above the sixth floor of the neighboring Penn Mutual Building." Supplemental findings of fact ¶2. This finding as to a 25-foot set-off easement cannot satisfy the hardship requirement to grant the variance because it was self-created. See *Young v. Pistorio*, 715 A.2d 1230 (Pa. Commw. 1998). In the record, board member Judith Eden specifically asks whether the 25-foot easement was created in a real estate transaction between the parties or

a requirement in the code. The witness answers that "it was created before in the real estate transaction." N.T. 11/16/05, p. 38 at 21-24, p. 39 at 1-2.

The third supplemental finding states "[t]he 25' set-back embodied in the easement is also required by the Zoning Code." Supplemental findings of fact ¶3. Similarly to the second supplemental finding, this involves the 25-foot set-off/set-back which was stated on the record to be established by a real estate transaction and not by the zoning code at the time. N.T. 11/16/05, p. 38 at 21-24, p. 39 at 1-2. As stated in the previous paragraph, this would make the hardship, if any, self-created by the appellant. Nothing is cited in the record regarding the 25-foot set-off/set-back stating it is a requirement in the zoning code. N.T. 11/16/05, p. 28. Further, no explanation is given in the record to establish why or how zoning code §14-305(4)(g)(.1)(b) applies to this specific finding in order to establish that the finding is supported by sufficient evidence concerning hardship.

The fourth supplemental finding states "[t]he property is small and narrow, with a developable width less than 50 feet, and with less than one-half acre in total area." Supplemental findings of fact ¶4. The evidence in the record does confirm the fact that the lot size is "less than 50 feet in width to develop." N.T. 11/16/05, p. 27 at 8-13. But in looking at the very next statement in the record by David L. Auspitz, Chairman of the Board, he contradicts any finding of hardship, which is agreed to by the witness on this point by stating on the record:

Your client is buying into this "hardship" all right. There's no shortage of sites in Philadelphia. If you

can't put the building that you want on this given site, but you could put a building on this site and still meet code. N.T. 11/16/05, p. 27 at 16-21.

This comment specifically points out the purely economic hardship of the appellant's argument. In doing so it also shows the lack of evidence in the record as to the small development size being peculiar to the property itself, and an issue that cannot be "distinguished from a hardship arising from the impact of zoning regulations on an entire district." *Valley View Civic Ass'n* at 556, 462 A.2d at 640.

The fifth supplemental finding states "[t]he urban design requirements for a building adjacent to Independence National Park, and within the view corridor from the Liberty Bell to Independence Hall, are a special condition that makes the property unique." Supplemental findings of fact ¶5. The evidence concerning this finding fully explains the aesthetic and conceptual restrictions put on the appellant in developing the property, but the record is devoid of any mention of the zoning code's application on the information provided to support this finding. While the "urban design requirements" might be something similar to the "characteristics of the surrounding neighborhood" as found in *Hertzberg* at 264, 721 A.2d at 50, the evidence in the record cited by the ZBA is not sufficiently substantial to support this finding as to hardship.

The sixth supplemental finding states "[a]lso making the property unique is the underground stream 22' below grade, which severely limits the amount of underground parking that can be provided." Supplemental findings of fact ¶6. In the record from the ZBA hearing, David

L. Auspitz, Chairman of the Board, stated on the record "that's not a hardship[] [t]hat's economics," in response to a witness's statement on parking at grade and going below grade as creating a hardship for the as-of-right plan for the property. N.T. 2/8/06, p. 75 at 14-24. Further testimony from the hearing sets forth the only reason why the parking cannot be built in compliance with the zoning code is because it is "cost prohibitive." N.T. 2/8/06, p. 109 at 6-15. Even if the underground stream were a problem with adding additional parking, testimony indicates that the building plan was already at, or. very close to one-to-one for parking to residential units in the building as said to be required by the code. N.T. 2/8/06, p. 114. The record shows a lack of evidence that going below-grade would even be necessary in order to meet the requirement of one-to-one parking in order to justify this finding as a hardship.

The seventh supplemental finding states, "[t]he difficulty of developing the property contributed to its lying vacant for nine years before the date of the first hearing before the zoning board despite its highly desirable location." Supplemental findings of fact ¶7. In the hearing before the ZBA, this finding is specifically contradicted as sufficient evidence by David L. Auspitz, Chairman of the Board, stating on the record in response to the statement that the property was vacant for nine years, "Was it for sale for nine years? The bottom line is, I don't think this has been physically for sale for nine years." N.T. 11/16/05, p. 40 at 15-18. Even accepting the fact that the property was vacant for those years, no other evidence is cited by the ZBA that would allow a reasonable person to make the causal inference that because the property was vacant it

was due to an unnecessary hardship put on the property by the zoning code for this particular piece of property and no other property during that time period in that district.

The eighth and final supplemental finding states, "[t]he property cannot feasibly be developed in a manner that complies with the zoning code height and FAR limitations and also meets the design requirements for this unique location." Supplemental findings of fact ¶8. This finding is a summation of the previous supplemental findings of fact and similar to that of supplemental conclusions of law three and four. The record does reflect a similar conclusion as being stated by a witness at the hearing. N.T. 11/16/05, p. 45 at 18-24. The witness did continue in explanation concerning non-conforming buildings pre-dating the zoning code that were grandfathered in as meeting the code, but no other evidence is cited in the record to support this finding that would be seen as substantial evidence that would support this conclusion. N.T. 11/16/05, p.46.

In looking at the evidence concerning the hardship of the appellant, it is difficult to categorize the record as anything besides hardship of a purely economic nature. The Commonwealth Court has repeatedly rejected such claims of hardship after *Hertzberg* saying the case "did not make dimensional requirements 'free-fire zones' for which variances could be granted when the party seeking the variance merely articulated a reason that it would be financially 'hurt' if it could not do what it wanted to do with the property..." *Society Created to Reduce Urban Blight v. Zoning Board of Adjustment,* 771 A.2d 874, 877-78 (Pa. Commw. 2001). Even more recently in *Lamar Advantage GP Co. v. Zoning Hearing Board of Adjustment,* the court has reaffirmed their position to "reject requests

for dimensional variances where proof of hardship is lacking...or where the asserted hardship amounted to a landowner's mere desire to increase profitability, the unnecessary hardship criterion required to obtain a variance was not satisfied even under" the *Hertzberg* standard. *Lamar*, 997 A.2d 423, 445 (Pa. Commw. 2010).

Given the deficiencies found in the evidence supporting the above findings of fact, this court cannot find that the supplemental findings of fact are supported by substantial evidence in the record, and thus, the same can be said for the supplemental conclusions of law which were derived from the findings as to the appellant's alleged hardship. It is the landowner/petitioner for the requested variance that "bears the heavy burden of proving that [they] suffer[] from an unnecessary hardship" and the appellant did not carry that burden from the evidence presented in the record at the ZBA hearing. *Doris Terry Revocable Living Trust v. Zoning Bd. Of Adjustment Pittsburgh*, 873 A.2d 57, 61 (Pa. Commw. 2005).

## CONCLUSION

Overall, in looking at the record, this court cannot affirm the decision of the ZBA in granting the requested variances. This court found that the ZBA decided the matter without substantial evidence found in the record to support the findings of fact and conclusions of law concerning undue hardship.

Accordingly, for the reasons stated above, this appeal should be denied.